IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORMAN SINGLETON | : | |
| 521 S. BROAD ST. APT. 610 | : | JURY TRIAL DEMANDED |
| PHILADELPHIA PA 19147 | : | |
| & | : | |
| | : | |
| C.W., a minor, through her parent and | : | |
| natural guardian, SHERRIE WATTS | : | |
| 531 BARLEY COURT | : | |
| SMYRNA DE 19977 | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| | : | No.: 1:17-cv-00343-UNA |
| v. | : | |
| | : | |
| | : | |
| PATROLMAN ROBERT CUNNINGHAM | : | |
| DOVER POLICE DEPARTMENT | : | |
| 400 S. QUEEN ST. | : | |
| DOVER DE 19904 | : | |
| | : | |
| & | : | |
| | : | |
| POLICE OFFICER JACOB RANKIN | : | |
| DOVER POLICE DEPARTMENT | : | |
| 400 S. QUEEN ST. | : | |
| DOVER DE 19904 | : | |
| | : | |
| & | : | |
| | : | |
| CORPORAL ROBERT BARRETT | : | |
| DOVER POLICE DEPARTMENT | : | |
| 400 S. QUEEN ST. | : | |
| DOVER DE 19904 | : | |
| | : | |
| & | : | |
| | : | |
| CHIEF PAUL M. BERNAT | : | |
| DOVER POLICE DEPARTMENT | : | |
| 400 S. QUEEN ST. | : | |
| DOVER DE 19904 | : | |
| | : | |
| & | : | |

1

|                                    |   |
|------------------------------------|---|
|                                    | : |
| ROBIN R. CHRISTIANSEN              | : |
| MAYOR, CITY OF DOVER               | : |
| 15 LOCKERMAN PLAZA                 | : |
| DOVER DE 19901                     | : |
|                                    | : |
| &                                  | : |
| THE CITY OF DOVER DELAWARE         | : |
| 15 LOCKERMAN PLAZA                 | : |
| DOVER DE 19901                     | : |
|                                    | : |
| Defendants.                        | : |

## CIVIL ACTION COMPLAINT

Plaintiffs, by and through their attorney Caleb Kruckenberg, Esq., hereby allege the following:

## PARTIES

1.  Plaintiff Norman Singleton is an adult individual who at all times relevant to this action was a citizen and resident of the State of Delaware.

2.  Plaintiff C.W. is a minor who at all times relevant to this action was a citizen and resident of the State of Delaware.

3.  Sherrie Watts is Plaintiff C.W.'s parent and natural guardian and brings this action on her behalf.

4.  Defendant Patrolman Robert Cunningham is an adult individual who at all times relevant to this action was a police officer employed by the Dover Delaware Police Department.

5.  Defendant Cunningham is being sued both in his individual and official capacities.

6.  Defendant Police Officer Jacob Rankin is an adult individual who at all times relevant to this action was a police officer employed by the Dover Delaware Police Department.

7.  Defendant Rankin is being sued both in his individual and official capacities.

8.      Defendant Corporal Robert Barrett is an adult individual who at all times relevant to this action was a police officer employed by the Dover Delaware Police Department.

9.      Defendant Barrett is being sued both in his individual and official capacities.

10.     Defendant Chief Paul M. Bernat is the Chief of Police for the Dover Delaware Police Department.

11.     Defendant Bernat is being sued in his official capacity.

12.     Defendant Mayor Robin R. Christiansen is the Mayor of the City of Dover Delaware.

13.     Defendant Christiansen is being sued in his official capacity.

14.     Defendant City of Dover Delaware is a municipality, sued in its official capacity.

## JURISDICTION AND VENUE

15.     This action is brought pursuant to 42 U.S.C. § 1983.

16.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

17.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) as Defendant is a resident of this district and all the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

18.     On or about July 7, 2016, Plaintiff Singleton was grievously injured when the defendants used a TASER against him while he was running across a street.

19.     On that same date, the defendants placed Plaintiff C.W. under arrest without any lawful basis.

20.     In the afternoon on July 7, 2016, Defendant Barrett was in a Dover Police Department vehicle in Dover Delaware, acting in his official capacity as a police officer.

21.     At the same time, Defendants Cunningham and Rankin were together in a separate Dover Police Department vehicle nearby, and were also acting in their official capacities as police officers.

22.     Around 4:00 p.m. Plaintiff Singleton drove his vehicle, with Plaintiff C.W. as his passenger, near 428 N. Dupont Highway in Dover.

23.     Plaintiff C.W. was Plaintiff Singleton's 12 year-old stepdaughter.

24.     Defendant stopped Plaintiff Singleton's vehicle.

25.     Defendants Cunningham and Rankin assisted.

26.     Defendant Barrett directed Plaintiff Singleton to exit his vehicle and he complied.

27.     Plaintiff Singleton then fled the scene on foot, running toward the highway.

28.     Defendant Barrett fired his department-issued TASER in dart mode and struck Plaintiff Singleton in the back while he ran.

29.     Defendant Cunningham also fired his department-issued TASER in dart mode and struck Plaintiff Singleton in the head while he ran across the street.

30.     Plaintiff Singleton lost consciousness mid-stride and fell directly onto his face at a full run.

31.     Plaintiff Singleton was then transported to the hospital by ambulance.

32.     Plaintiff Singleton underwent emergency surgery at Bayhealth Medical Center that same day.

33.     When Plaintiff Singleton landed on a paved parking lot he sustained serious physical injuries, including, but not limited to, a displaced fracture to the anterior medial aspect of the mandible, a fracture to the medial right first mandibular incisor, a fracture to the lateral incisor of the right mandible, a fracture to the anterior spine of the maxilla, a right nasal bone fracture, multiple complex open wounds of the lip and intranasal area, open wounds of the nose and nasal dorsum, intraoral lacerations of the lower lip, right eyebrow laceration, multiple facial abrasions, multiple scrapes and bruises to his shoulders, writs and knees, multiple TASER darts becoming

4

lodged in his neck and back requiring removal, and other injuries, the full extent of which are not yet known.

34.      Plaintiff Singleton's injuries required multiple surgical procedures, including reconstructive surgery to repair the lacerations to his face and separate orthopaedic surgery to reconstruct his fractured jaw.

35.      Plaintiff Singleton suffered pain and discomfort as a result of the incident, and suffered anxiety, trauma, and psychological aftereffects.

36.      Plaintiff Singleton has also expended significant sums of money treating his injuries, and will likely be forced to expend additional sums in the future.

37.      Plaintiff Singleton's injuries will likely result in permanent scarring and limitations, the full extent of which are not yet known.

38.      Meanwhile, Defendant Rankin manually searching Plaintiff C.W., including running his hands over her body.

39.      Defendant Rankin did not wait for, or request, a female officer to conduct the search.

40.      Defendant Rankin then placed Plaintiff C.W. in handcuffs and locked her in the backseat of his patrol car.

41.      Plaintiff C.W. was taken into custody and transported to the Dover Police Department.

42.      Plaintiff C.W. was eventually released without charge into the custody of her mother.

43.      Plaintiff C.W. suffered anxiety, trauma, and psychological aftereffects as a result of being placed under arrest.

44.      Plaintiff Singleton and Plaintiff C.W. may have other damages from the incident of which they are not yet aware.

## COUNT I:  EXCESSIVE FORCE
## FOURTH AND FOURTEENTH AMENDMENTS
## PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF SINGLETON V. DEFENDANT CUNNINGHAM

45.     Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

46.     Defendant Cunningham was acting as a police officer when he intentionally seized Plaintiff Singleton by deploying his TASER and placing him under arrest.

47.     Defendant Cunningham intentionally used his TASER in dart mode against Plaintiff Singleton.

48.     Defendant Cunningham's use of his TASER constituted excessive force under the circumstances in that Defendant Cunningham:

> a.  had no reason to believe that Plaintiff Singleton had engaged in any violent conduct;
>
> b.  had no reason to suspect that Plaintiff Singleton was armed or dangerous;
>
> c.  had no reason to suspect that any other person at the scene posed a danger to the police or anyone else;
>
> d.  was not threatened in any way with physical force by Plaintiff Singleton;
>
> e.  was not subject to any physical force or active resistance by Plaintiff Singleton;
>
> f.  did not provide any warning prior to deploying his TASER;
>
> g.  knew or should have known that deploying his TASER on a fleeing suspect would create unreasonable danger of injury to that suspect;
>
> h.  knew or should have known that deploying his TASER on a subject who was standing on pavement or other hard surfaces would create unreasonable danger of injury to that suspect;

6

    i.   disregarded warnings from TASER international disapproving of the use of a TASER in circumstances similar to this case;

    j.   disregarded official police department policy regarding the use of a TASER on a fleeing suspect;

    k.   disregarded informal police department custom policy regarding the use of a TASER on a fleeing suspect;

    l.   did not employ the least amount of force available to him in the circumstances;

    m.   fired his TASER in dart mode at an area of Plaintiff Singleton's body where he was likely to suffer serious injury;

    n.   fired his TASER in conjunction with other officers' use of force, such as TASERs;

    o.   had no reasonable justification under the circumstances to use such force; and

    p.   lacked reasonable justification in other ways not yet known to Plaintiff.

49.    Defendant Cunningham's actions and omissions on July 7, 2016, exhibited reckless and callous indifference to Plaintiff Singleton's right to be free from excessive force in that Defendant Cunningham:

    a.   had no legal justification for the use of such force;

    b.   did not provide any warning prior to deploying his TASER;

    c.   knew or should have known that deploying his TASER on a fleeing suspect would create unreasonable danger of injury to that suspect;

    d.   knew or should have known that deploying his TASER on a subject who was standing on pavement or other hard surfaces would create unreasonable danger of injury to that suspect;

e.   disregarded warnings from TASER international disapproving of the use of a
TASER in circumstances similar to this case;

f.   disregarded warnings from TASER international that the use of a TASER in such
circumstances could cause death or serious bodily injury;

g.   disregarded official police department policy regarding the use of a TASER on a
fleeing suspect;

h.   disregarded official police department warnings that the use of a TASER in such
circumstances could cause death or serious bodily injury;

i.   disregarded informal police department custom policy regarding the use of a
TASER on a fleeing suspect;

j.   fired his TASER in dart mode at an area of Plaintiff Singleton's body where he
was likely to suffer serious injury;

k.   fired his TASER in conjunction with other officers' use of force, such as
TASERs; and

a.   otherwise exhibit reckless and outrageous conduct in other ways not yet known to
Plaintiff.

50.   Defendant Cunningham's actions and omissions on July 7, 2016, were a direct and
proximate cause of Plaintiff Singleton's injuries and damages.

51.   As a direct and proximate result of Defendant Cunningham's conduct, Plaintiff Singleton
suffered and underwent great pain and continues to do so.

52.   Plaintiff Singleton was forced to expend various sums of money in an effort to treat his
injuries and may in the future be required to expend further sums of money in an effort to treat
his injuries.

53.     As a direct and proximate result of Defendant Cunningham's excessive force, Plaintiff Singleton suffered serious physical injuries including, but not limited to, a displaced fracture to the anterior medial aspect of the mandible, a fracture to the medial right first mandibular incisor, a fracture to the lateral incisor of the right mandible, a fracture to the anterior spine of the maxilla, a right nasal bone fracture, multiple complex open wounds of the lip and intranasal area, open wounds of the nose and nasal dorsum, intraoral lacerations of the lower lip, right eyebrow laceration, multiple facial abrasions, multiple scrapes and bruises to his shoulders, writs and knees, multiple TASER darts becoming lodged in his neck and back requiring removal, and other injuries, the full extent of which are not yet known.

54.     As a direct and proximate result of Defendant Cunningham's excessive force, Plaintiff Singleton suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

55.     Plaintiff Singleton also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff Norman Singleton claims of Defendant Cunningham a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.


### COUNT II:  EXCESSIVE FORCE
### FOURTH AND FOURTEENTH AMENDMENTS
### PURSUANT TO 42 U.S.C § 1983
### PLAINTIFF SINGLETON V. DEFENDANT BARRETT

56.     Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

57.     Defendant Barrett was acting as a police officer when he intentionally seized Plaintiff Singleton by deploying his TASER and placing him under arrest.

58.     Defendant Barrett intentionally used his TASER in dart mode against Plaintiff Singleton.

59.     Defendant Barrett's use of his TASER constituted excessive force under the circumstances in that Defendant Barrett:

     a.   had no reason to believe that Plaintiff Singleton had engaged in any violent conduct;

     b.   had no reason to suspect that Plaintiff Singleton was armed or dangerous;

     c.   had no reason to suspect that any other person at the scene posed a danger to the police or anyone else;

     d.   was not threatened in any way with physical force by Plaintiff Singleton;

     e.   was not subject to any physical force or active resistance by Plaintiff Singleton;

     f.   did not provide any warning prior to deploying his TASER;

     g.   knew or should have known that deploying his TASER on a fleeing suspect would create unreasonable danger of injury to that suspect;

     h.   knew or should have known that deploying his TASER on a subject who was standing on pavement or other hard surfaces would create unreasonable danger of injury to that suspect;

     i.   disregarded warnings from TASER international disapproving of the use of a TASER in circumstances similar to this case;

     j.   disregarded official police department policy regarding the use of a TASER on a fleeing suspect;

    k.   disregarded informal police department custom policy regarding the use of a
TASER on a fleeing suspect;

    l.   did not employ the least amount of force available to him in the circumstances;

    m.   fired his TASER in dart mode at an area of Plaintiff Singleton's body where he
was likely to suffer serious injury;

    n.   fired his TASER in conjunction with other officers' use of force, such as
TASERs;

    o.   had no reasonable justification under the circumstances to use such force; and

    p.   lacked reasonable justification in other ways not yet known to Plaintiff.

60.    Defendant Barrett's actions and omissions on July 7, 2016, exhibited reckless and callous indifference to Plaintiff Singleton's right to be free from excessive force in that Defendant Cunningham:

    a.   had no legal justification for the use of such force;

    b.   did not provide any warning prior to deploying his TASER;

    c.   knew or should have known that deploying his TASER on a fleeing suspect
would create unreasonable danger of injury to that suspect;

    d.   knew or should have known that deploying his TASER on a subject who was
standing on pavement or other hard surfaces would create unreasonable danger of
injury to that suspect;

    e.   disregarded warnings from TASER international disapproving of the use of a
TASER in circumstances similar to this case;

    f.   disregarded warnings from TASER international that the use of a TASER in such
circumstances could cause death or serious bodily injury;

    g.  disregarded official police department policy regarding the use of a TASER on a fleeing suspect;

    h.  disregarded official police department warnings that the use of a TASER in such circumstances could cause death or serious bodily injury;

    i.  disregarded informal police department custom policy regarding the use of a TASER on a fleeing suspect;

    j.  fired his TASER in dart mode at an area of Plaintiff Singleton's body where he was likely to suffer serious injury;

    k.  fired his TASER in conjunction with other officers' use of force, such as TASERs; and

    b.  otherwise exhibit reckless and outrageous conduct in other ways not yet known to Plaintiff.

61.    Defendant Barrett's actions and omissions on July 7, 2016, were a direct and proximate cause of Plaintiff Singleton's injuries and damages.

62.    As a direct and proximate result of Defendant Barrett's negligence, Plaintiff Singleton suffered and underwent great pain and continues to do so.

63.    Plaintiff Singleton was forced to expend various sums of money in an effort to treat his injuries and may in the future be required to expend further sums of money in an effort to treat his injuries.

64.    As a direct and proximate result of Defendant Barrett's excessive force, Plaintiff Singleton suffered serious physical injuries including, but not limited to, a displaced fracture to the anterior medial aspect of the mandible, a fracture to the medial right first mandibular incisor, a fracture to the lateral incisor of the right mandible, a fracture to the anterior spine of the

maxilla, a right nasal bone fracture, multiple complex open wounds of the lip and intranasal area,

open wounds of the nose and nasal dorsum, intraoral lacerations of the lower lip, right eyebrow

laceration, multiple facial abrasions, multiple scrapes and bruises to his shoulders, writs and

knees, multiple TASER darts becoming lodged in his neck and back requiring removal, and other

injuries, the full extent of which are not yet known.

65.     As a direct and proximate result of Defendant Barrett's excessive force, Plaintiff

Singleton suffered serious mental and psychological injuries, including, but not limited to,

anxiety, trauma, and depression.

66.     Plaintiff Singleton also makes a claim for such injuries, damages and consequences

resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff Norman Singleton claims of Defendant Barrett a sum in excess of one

hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages,

delay damages, interest and allowable costs of suit and brings this action to recover same.


### COUNT III: ILLEGAL SEIZURE
### FOURTH AND FOURTEENTH AMENDMENTS
### PURSUANT TO 42 U.S.C § 1983
### PLAINTIFF C.W. V. DEFENDANT RANKIN

67.     Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

68.     Defendant Rankin was acting as a police officer when he intentionally seized Plaintiff

C.W. by arresting her, searching her, placing her in handcuffs, transporting her to the Dover

Police Department and detaining her until her mother arrived.

69.     Defendant Rankin intentionally seized Plaintiff C.W.

70.     Defendant Rankin's seizure of Plaintiff C.W. was unreasonable in that Defendant Rankin:

> a.   had no reason to believe that Plaintiff C.W. had committed any criminal or delinquent act;
>
> b.   had no basis to suspect that Plaintiff C.W. was dangerous;
>
> c.   had no reason to suspect that Plaintiff C.W. was a flight risk;
>
> d.   was not acting pursuant to any validly issued warrant;
>
> e.   was acting contrary to established police department procedures; and
>
> f.   lacked legal justification in other ways not yet known to Plaintiffs.

71.     Defendant Rankin's actions and omissions on July 7, 2016, were a direct and proximate cause of Plaintiff C.W.'s injuries and damages.

72.     As a direct and proximate cause of Defendant Rankin's unreasonable conduct, Plaintiff C.W. suffered anxiety, trauma, and psychological aftereffects as a result of being placed under arrest.

73.     Plaintiff C.W. also makes a claim for such injuries, damages and consequences resulting from the incident of which she has no present knowledge.

WHEREFORE, Plaintiff C.W. claims of Defendant Rankin a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest and allowable costs of suit and brings this action to recover same.


**COUNT IV: MUNICIPAL LIABILITY
FOURTEENTH AMENDMENT
PURSUANT TO 42 U.S.C § 1983
PLAINTIFF SINGLETON V. DEFENDANTS BERNAT, CHRISTIANSEN, CITY OF
DOVER**

74.     Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

75.     Defendant Bernat was the chief of police for the Dover Police Department and was responsible for directing official policy and training practices for the department.

76.     Defendant Christiansen was the mayor of the City of Dover and was responsible for setting and administering official policy and training practices for the police department.

77.     Defendant City of Dover through its decision-makers, promulgated official policies and training practices for the police department.

78.     Defendants Bernat, Christiansen and City of Dover knew or should have known that the use of TASERs on fleeing suspects created an unreasonable danger to that suspect.

79.     TASER International, the manufacturer of TASERs warned Defendants Bernat, Christiansen and City of Dover of the dangers caused by using a TASER on a fleeing suspect, particular on pavement.

80.     Other persons have been seriously injured by law enforcement officials after police officers used TASERs against them while they fled.

81.     Defendants Bernat, Christiansen and City of Dover failed to implement official policies and training to ensure that the individual defendants understood their obligation to act appropriately with respect to the use of TASERs in that:

        a.   official policies did not clearly define the appropriate circumstances where it would be justified for an officer to deploy a TASER against a fleeing suspect;

        b.   official policies did not prohibit the use of a TASER against a fleeing suspect who was not suspected of committing a violent crime;

        c.   official policies did not prohibit the use of a TASER against an unarmed suspect;

d.  official policies did not clearly prohibit aiming a TASER in dart mode at the head of a suspect;

e.  official policies did not clearly require the use of a verbal warning by officers before deploying a TASER on a suspect;

f.  official policies did not warn officers of the danger of deploying a TASER on a suspect fleeing on pavement;

g.  official policies did not warn officers of the danger of deploying a TASER on a suspect fleeing over dangerous or hard surfaces;

h.  official policies did not warn officers of the danger of deploying a TASER on a suspect fleeing in vehicular traffic;

i.  official policies did not prohibit officers from deploying a TASER on a suspect fleeing on pavement;

j.  official policies did not prohibit officers from deploying a TASER on a suspect fleeing over dangerous or hard surfaces;

k.  official policies did not prohibit officers from deploying a TASER on a suspect fleeing in vehicular traffic; and

l.  official policies and training did not adequately prepare officers from unsafe or improper use of TASERs in other respects not yet known to Plaintiff.

82.     Defendants Bernat, Christiansen and City of Dover failed to supervise and/or train the individual defendants in that they:

a.  knew or should have known that the Dover City Police would encounter circumstances where they were likely to have the opportunity to deploy their TASERs;

16

b.   knew or should have known that Dover City Police would encounter fleeing suspects in circumstances where the use of a TASER would be unreasonable;

c.   knew or should have known that other persons have been seriously injured by law enforcement officials after police officers used TASERs against them while they fled;

d.   knew or should have known that Dover City Police would encounter uncertainty when confronted with fleeing suspects;

e.   knew or should have known that erroneous decisions by Dover City Police concerning the use of TASERs would frequently result in unconstitutional excessive force;

f.   nevertheless provided inadequate guidance and supervision to ensure that the individual defendants deployed their TASERs only in safe and appropriate circumstances; and

g.   failed to monitor the individual defendants to ensure that they deployed their TASERs only in safe and appropriate circumstances.

83.   Defendants Bernat, Christiansen and City of Dover maintained policies, practices, and customs, which were the moving force that resulted in Plaintiff's constitutional and statutory rights being violated.

84.   Had Defendants Bernat, Christiansen and City of Dover, properly promulgated appropriate protocol, not had an improper custom or unofficial practice or adequately trained and/or supervised the individual defendants Plaintiff Singleton would not have been injured.

85.   Defendants Bernat, Christiansen and City of Dover's actions and omissions were jointly and severally a direct and proximate cause of Plaintiff Singleton's injuries and damages.

86.     As a direct and proximate result of Defendants Bernat, Christiansen and City of Dover's actions, Plaintiff Singleton suffered and underwent great pain and continues to do so.

87.     Plaintiff Singleton was forced to expend various sums of money in an effort to treat his injuries and may in the future be required to expend further sums of money in an effort to treat his injuries.

88.     As a direct and proximate result of Defendants Bernat, Christiansen and City of Dover's actions and omissions, Plaintiff Singleton suffered serious physical injuries including, but not limited to, sustained serious physical injuries, including, but not limited to, a displaced fracture to the anterior medial aspect of the mandible, a fracture to the medial right first mandibular incisor, a fracture to the lateral incisor of the right mandible, a fracture to the anterior spine of the maxilla, a right nasal bone fracture, multiple complex open wounds of the lip and intranasal area, open wounds of the nose and nasal dorsum, intraoral lacerations of the lower lip, right eyebrow laceration, multiple facial abrasions, multiple scrapes and bruises to his shoulders, writs and knees, multiple TASER darts becoming lodged in his neck and back requiring removal, and other injuries, the full extent of which are not yet known.

89.     As a direct and proximate result of Defendants Bernat, Christiansen and City of Dover's actions and omissions, Plaintiff Singleton suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

90.     Plaintiff Singleton also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff Norman Singleton claims of Defendants Bernat, Christiansen and City of Dover, jointly and severally, a sum in excess of one hundred and fifty thousand dollars

($150,000) in compensatory damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT V: BATTERY (DELAWARE LAW)
### PLAINTIFF SINGLETON V. DEFENDANT CUNNINGHAM

91.     Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

92.     Defendant Cunningham intentionally used his TASER in dart mode against Plaintiff Singleton.

93.     Defendant Cunningham's use of his TASER resulted in offensive touching to Plaintiff Singleton.

94.     Defendant Cunningham had no lawful privilege to use such force against Plaintiff Singleton.

95.     Defendant Cunningham's actions and omissions on July 7, 2016, were a direct and proximate cause of Plaintiff Singleton's injuries and damages.

96.     As a direct and proximate result of Defendant Cunningham's actions, Plaintiff Singleton suffered and underwent great pain and continues to do so.

97.     Plaintiff Singleton was forced to expend various sums of money in an effort to treat his injuries and may in the future be required to expend further sums of money in an effort to treat his injuries.

98.     As a direct and proximate result of Defendant Cunningham's battery, Plaintiff Singleton suffered serious physical injuries including, but not limited to, a displaced fracture to the anterior medial aspect of the mandible, a fracture to the medial right first mandibular incisor, a fracture to the lateral incisor of the right mandible, a fracture to the anterior spine of the maxilla, a right

nasal bone fracture, multiple complex open wounds of the lip and intranasal area, open wounds of the nose and nasal dorsum, intraoral lacerations of the lower lip, right eyebrow laceration, multiple facial abrasions, multiple scrapes and bruises to his shoulders, writs and knees, multiple TASER darts becoming lodged in his neck and back requiring removal, and other injuries, the full extent of which are not yet known.

99.     As a direct and proximate result of Defendant Cunningham's battery, Plaintiff Singleton suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

100.    Plaintiff Singleton also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff Norman Singleton claims of Defendant Cunningham a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.


## COUNT VI: BATTERY (DELAWARE LAW)
## PLAINTIFF SINGLETON V. DEFENDANT BARRETT

101.    Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

102.    Defendant Barrett intentionally used his TASER in dart mode against Plaintiff Singleton.

103.    Defendant Barrett's use of his TASER resulted in offensive touching to Plaintiff Singleton.

104.    Defendant Barrett had no lawful privilege to use such force against Plaintiff Singleton.

105.    Defendant Barrett's actions and omissions on July 7, 2016, were a direct and proximate cause of Plaintiff Singleton's injuries and damages.

106.    As a direct and proximate result of Defendant Barrett's actions and omissions, Plaintiff Singleton suffered and underwent great pain and continues to do so.

107.    Plaintiff Singleton was forced to expend various sums of money in an effort to treat his injuries and may in the future be required to expend further sums of money in an effort to treat his injuries.

108.    As a direct and proximate result of Defendant Barrett's battery, Plaintiff Singleton suffered serious physical injuries including, but not limited to, sustained serious physical injuries, including, but not limited to, a displaced fracture to the anterior medial aspect of the mandible, a fracture to the medial right first mandibular incisor, a fracture to the lateral incisor of the right mandible, a fracture to the anterior spine of the maxilla, a right nasal bone fracture, multiple complex open wounds of the lip and intranasal area, open wounds of the nose and nasal dorsum, intraoral lacerations of the lower lip, right eyebrow laceration, multiple facial abrasions, multiple scrapes and bruises to his shoulders, writs and knees, multiple TASER darts becoming lodged in his neck and back requiring removal, and other injuries, the full extent of which are not yet known.

109.    As a direct and proximate result of Defendant Barrett's battery, Plaintiff Singleton suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

110.    Plaintiff Singleton also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff Norman Singleton claims of Defendant Barrett a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT VII: FALSE ARREST/FALSE IMPRISONMENT (DELAWARE LAW)
## PLAINTIFF C.W. V. DEFENDANT RANKIN

111.    Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

112.    Defendant Rankin restrained Plaintiff C.W. against her will by handcuffing her, searching her and forcibly moving her to the City of Dover Police Department.

113.    Defendant Rankin restrained Plaintiff C.W. both physically and through assertion of legal authority.

114.    Defendant Rankin had no lawful privilege to restrain Plaintiff C.W.

115.    Defendant Rankin's actions and omissions on July 7, 2016, were a direct and proximate cause of Plaintiff C.W.'s injuries and damages.

116.    As a direct and proximate cause of Defendant Rankin's unreasonable conduct, Plaintiff C.W. suffered anxiety, trauma, and psychological aftereffects as a result of being placed under arrest.

117.    Plaintiff C.W. also makes a claim for such injuries, damages and consequences resulting from the incident of which she has no present knowledge.

WHEREFORE, Plaintiff C.W. claims of Defendant Rankin a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.


## JURY DEMAND

Plaintiffs hereby demand a trial by jury against Defendants.

RESPECTFULLY SUBMITTED,

April 5, 2017                    __/s/*Caleb Kruckenberg*_____
DATE                            CALEB KRUCKENBERG, ESQ.
                                LEVIN & ZEIGER, LLP
                                TWO PENN CENTER
                                1500 JFK BLVD STE 620
                                PHILADELPHIA, PA 19102
                                215-825-5183
                                kruckenberg@levinzeiger.com
                                PA Bar Id. No. 322264
                                DE *Pro Hac Vice* Admission Pending


April 5, 2017                    __/s/*David Denham*_____
DATE                            DAVID A. DENHAM, ESQ.  DE ID#4240
                                JOSEPH M. JACHETTI, ESQ.  DE ID#3744
                                SCHUSTER JACHETTI LLP
                                3407 LANCASTER PIKE SUITE A
                                WILMINGTON, DE 19805-5534
                                302-984-1000
                                ddenham@jachettilaw.com
                                joe@jachettilaw.com